Washington State
Office of the Attorney General
Acknowledged Receipt, this 18 day
of March , 20 19 , Time: 10:40
in Spokane , Washington.
Signature: ~~Edmund Bates~~
Print Name: Edmund Bates
Assistant Attorney General

COPY
Original Filed

FEB 28 2019

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

1

2

3

4

5           IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

6               IN AND FOR THE COUNTY OF SPOKANE

7

8

| | |
|---|---|
| MELISSA PAUL, a single woman, | ) |
| Plaintiff | ) |
| | ) NO. **19 2 00 985-32** |
| vs. | ) |
| | ) COMPLAINT FOR |
| STATE OF WASHINGTON, | ) DAMAGES |
| WASHINGTON STATE PATROL, | ) |
| TROOPER JOSEPH LEIBRECHT, | ) |
| individually, TROOPER JOSEPH | ) |
| LEIBRECHT and JANE DOE LEIBRECHT, | ) COPY |
| and the marital community | ) |
| composed thereof, TROOPER ROBERT | ) |
| SPENCER, individually, TROOPER | ) |
| ROBERT SPENCER and JANE DOE | ) |
| SPENCER, and the marital community | ) |
| composed thereof, SGT. SCOTT DAVIS, | ) |
| individually, SGT. SCOTT DAVIS and JANE | ) |
| DOE DAVIS, and the marital community | ) |
| thereof, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

COMES NOW the Plaintiff, Melissa Paul, by and through her attorneys Mark J.

Harris and William C. Maxey of Maxey Law Offices, PLLC, and Breean L. Beggs of

Paukert & Troppmann, PLLC, and complains and alleges as follows:

COMPLAINT FOR DAMAGES - 1

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

## IDENTIFICATION OF THE PARTIES

1. At all times material to this cause of action, Plaintiff Melissa Paul was a resident of the State of Washington, County of Spokane.

2. At all times material to this cause of action, Defendant State of Washington is and was a governmental agency with direction and control of the Washington State Patrol.

3. At all times material hereto, Defendant Joseph (Joe) Leibrecht was an agent and employee of the State, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the State, and under color of state law. Defendant Joseph Leibrecht is named in his individual and representative capacity.

4. That on information and belief, at all times material hereto, the defendants, Joseph (Joe) Leibrecht and Jane Doe Leibrecht, are husband and wife, and comprise a marital community under the laws of the State of Washington. All acts performed hereinafter described were performed on behalf of said community, as well as each individual.

5. At all times material hereto, Defendant Robert Spencer was an agent and employee of the State, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the State, and under color of state law. Defendant Robert Spencer is named in his individual and representative capacity.

COMPLAINT FOR DAMAGES - 2

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

6. That on information and belief, at all times material hereto, the defendants, Robert Spencer and Jane Doe Spencer, are husband and wife, and comprise a marital community under the laws of the State of Washington. All acts performed hereinafter described were performed on behalf of said community, as well as each individual.

7. At all times material hereto, Defendant Sgt. Scott Davis was an agent and employee of the State, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the State, and under color of state law. On belief, Defendant Davis was a supervising officer of Defendants Leibrecht and Spencer. Defendant Davis is named in his individual and representative capacity.

8. That on information and belief, at all times material hereto, the defendants, Scott Davis and Jane Doe Davis, are husband and wife, and comprise a marital community under the laws of the State of Washington. All acts performed hereinafter described were performed on behalf of said community, as well as each individual.

9. At all times material to this cause of action, upon information and belief, Defendant Does 1-10 engaged in negligent or tortious conduct or otherwise wrongful conduct and thereby harmed Plaintiff. Plaintiff prays leave to amend this complaint once their identities become known.

COMPLAINT FOR DAMAGES - 3

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

10. Upon belief, at all relevant times described in this complaint, Defendant Does 1-10 were acting as employees and agents for the State of Washington within the scope of their duties and under color of law.

## JURISDICTION & VENUE

11. All acts complained of occurred in Spokane County, Washington.

12. Venue is proper in the Superior Court for the State of Washington.

13. Jurisdiction is proper in the Spokane County Superior Court pursuant to, without limitation, Title 42, United States Code §§ 1983 & 1988; Title 28 USC §1331; 28 USC §1343(a)(3); 28 USC §1367.

14. This court has personal and subject matter jurisdiction.

15. An administrative claim pursuant to RCW 4.92 *et seq* was presented to the State of Washington for causes of action under Washington State law. More than sixty days have passed since the submission of the tort claim.

## PRE-DISCOVERY FACTUAL ALLEGATIONS

16. On January 1, 2017 at approximately 4:05 a.m., Plaintiff and her passenger, Stephan A. Goodwin, were traveling westbound in her 2004 Toyota 4 Runner on Highway 2 towards Airway Heights, WA. It was dark and was snowing. The traffic lane lines were obscured due to snow/ice conditions.

17. At the approximate same time, Ty Olds was riding or walking his bicycle alongside the busy highway in said dark and wintery conditions. Mr. Olds was

COMPLAINT FOR DAMAGES - 4

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

wearing dark blue jeans and a dark jacket. Plaintiff did not see Mr. Olds and

struck him. Unfortunately, Mr. Olds died.

18. The forensic toxicology results of Mr. Olds showed: Methamphetamine: 2.2

mg/L. Amphetamine: 0.22 mg/L.

19. This methamphetamine level is extremely high and associated with adverse

effects and irrational behaviors and/or actions.

20. At approximately 4:40 am, Washington State Patrol (WSP) Trooper Joe

Leibrecht arrived on the scene and contacted Plaintiff. Trooper Leibrecht

thought that he might have smelled alcohol in the vehicle but is not sure where

it was coming from. Plaintiff's passenger, Mr. Goodwin, advised the trooper

that he had been drinking and that Plaintiff was his designated driver.

21. Between approximately 4:54 a.m. and 5:01 a.m., Plaintiff agreed to and Trooper

Leibrecht performed the standardized field sobriety tests (FST) including

Horizontal Gaze Nystagmus (HGN), Walk and Turn, One Leg Stand, and a test

where Claimant was asked to estimate the passage of 30 seconds.

22. Trooper Leibrecht reported the following: "nothing on FST's"; No HGN; 28/30

seconds time perception; "I do not see impairment"; "No obvious signs of

impairment was observed"; Performed FST's satisfactorily on packed snow/ice

roadway area.

23. The encounter between WSP troopers and Plaintiff was captured by law

enforcement dash cam video. At approximately 5:03 a.m., two troopers are

COMPLAINT FOR DAMAGES - 5

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

heard on video having a discussion about impairment.  One says that he does not see any impairment, that he thought he smelled alcohol, but does not think it was Plaintiff.  The troopers decided that based on the lack of impairment, that a Portable Breath Test (PBT) would not be administered.

24. Trooper Spencer got into the patrol car with Plaintiff to see if he could smell alcohol and did not.  At approximately 5:07 a.m., Trooper Leibrecht made a phone call and can be heard saying that Plaintiff was not impaired, the FST's were satisfactory so he was not going to proceed further.

25. At approximately 6 a.m. Sgt. Davis arrived at Plaintiff's location and instructed Trooper Spencer to perform FST's on Plaintiff again.  Plaintiff agreed.  Trooper Spencer administered the tests with no nystagmus or signs of impairment.

26. As can be heard in the video, the troopers again discussed the issue of impairment following the second FST's.  Statements by the troopers include the same or similar to those that follow can be heard from the officers in the video: "There was no HGN;" "She nailed the walk and turn;" "I don't know how I am going to get a warrant;" "I don't know how we will get probable cause."

27. After Plaintiff successfully and satisfactorily completed the FST's for the second time, Trooper Spencer approached her with a Portable Breath Test (PBT) and instructed her to blow.  The PBT was .067, which is below the legal limit of alcohol influence in Washington.

COMPLAINT FOR DAMAGES - 6

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

28. There was no explanation given to Plaintiff that the PBT was voluntary or what the test was for as required by Washington Administrative Code (WAC) 448-15-030, which provides in pertinent part: The operator must perform the test according to the policies and procedures approved by the state toxicologist, using the following test protocol:

> (1) The operator will advise the subject that this is a voluntary test, and that it is not an alternative to any evidential breath alcohol test.

29. Further, there was also a lack of probable cause to administer the PBT. As discussed above, Plaintiff passed the FST's twice and both times troopers are heard on the video discussing how Plaintiff had done well on the tests, and that they were concerned about how to get a blood warrant.

30. In addition to successfully performing the FST's, Plaintiff (as can be heard and seen in the video) is speaking coherently with the troopers throughout.

31. Following the PBT, Sgt. Davis instructed Trooper Spencer to apply for a blood warrant to take Plaintiff's blood. Trooper Spencer submitted an affidavit for a blood warrant which was signed by Spokane County Superior Court Judge Annette Plese based on Trooper Spencer's sworn affidavit.

32. The evidence from the video refutes a number of statements contained in and omitted from the affidavit for the blood warrant:

   a. The warrant affidavit falsely indicates/implies Claimant made errors on the Walk and Turn and the One Leg Stand being performed at the direction of

COMPLAINT FOR DAMAGES - 7

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

Trooper Leibrecht. The video does not show errors. The affidavit neglects to state that Plaintiff passed the Rhomberg balance test. The affidavit does not reflect Trooper Leibrecht's belief, as clearly stated in the video, that Ms. Paul had passed and performed the FST's satisfactorily.

b. The affidavit states that Trooper Spencer could smell alcohol as Plaintiff stood in front of him. On the video, Trooper Spencer states that he *might* smell a slight odor of intoxicants, but states "there is no nystagmus, looks good."

c. The affidavit does not mention that Trooper Spencer could not smell alcohol when he was in the patrol car with Plaintiff.

d. The affidavit for the warrant falsely indicates/implies that Plaintiff made errors on the Walk and Turn and the One Leg Stand being performed at the direction of Trooper Spencer, but the video shows she performed the tests satisfactorily for the troopers. And, the subsequent discussion between the troopers as described herein above is contrary to what is stated in the affidavit.

e. The video demonstrates that false statements regarding whether or not Plaintiff smelled of alcohol were included in the affidavit. Statements made by the troopers in the video are overwhelmingly in favor of Plaintiff not showing signs of impairment. The video also contradicts what is said in the affidavit regarding Plaintiff's FST performances.

COMPLAINT FOR DAMAGES - 8

     f.  The troopers further did not tell the Judge in the affidavit for the blood warrant of the improper administration of the PBT.

33. Similar contradictions and falsehoods are contained in and omitted from the Probable Cause Affidavit signed by Trooper Spencer, which was used to charge Plaintiff with crimes.

34. Upon belief, the administration of the PBT and the false and/or misleading facts provided in the affidavit were made to get judicial permission for the troopers to investigate their incorrect 'hunch' that Plaintiff was impaired given the gravity of the accident which resulted in death.

35. Upon belief, the troopers, including, without limitation, Defendants Leibrecht, Spencer, and Davis, as reflected in the conversations heard on the video and discussed herein above, entered into a conspiracy, thereby agreeing to prosecute Plaintiff, even though they lacked probable cause for same, and even though it was obvious to them that Plaintiff was not legally impaired.

36. Upon belief, the troopers, including, without limitation, Defendants Leibrecht, Spencer, and Davis, as reflected in the conversations heard on the video and discussed herein above, entered into a conspiracy to prosecute Plaintiff by knowingly or recklessly swearing to a factually false and/or misleading affidavit of probable cause to obtain a blood warrant, and by further agreeing to submit the probable cause affidavit used to charge Plaintiff.

COMPLAINT FOR DAMAGES - 9

37. Plaintiff was arrested and charged with vehicular homicide and booked into the Spokane County Jail where she was strip searched and initially held on a $150,000 bond which she could not post, thus resulting in a lengthy pre-trial incarceration despite the presumption of innocence.

38. On or about December 19, 2017, the State of Washington submitted the following stipulated pertinent Findings of Fact to the Spokane County Superior Court which were signed by two Superior Court Judges:

- On November 30, 2017, defense counsel moved to suppress the Preliminary Breath Test (PBT) and blood draw warrant based on *Franks v. Delaware*, 438 U.S. 154 (1978). Included in the exhibits were the Probable Cause Affidavit and dash camera videos the officers present at the scene.

- The PBT is inadmissible for purposes of obtaining a search warrant for blood because the required protocols under WAC 448-15-030 were not followed when administering the test to Ms. Paul.

- The facts provided in the probable cause affidavit are not supported by the conversations between the officers on the scene, as contained and readily observable in the dash camera videos.

- Absent the PBT result, the facts supporting probable cause do not rise to the level of impairment.

- Because impairment cannot be established by the probable cause affidavit, the warrant for blood is therefore invalid.

- Impairment is the only prong pursuant to which the State could proceed with the prosecution of this matter. Aside from impairment, there are no other available grounds to support further action.

COMPLAINT FOR DAMAGES - 10

39. Superior Court Judges Annette Plese and Judge James Triplet thereafter signed orders dismissing the criminal case against Plaintiff with prejudice.

40. Plaintiff spent approximately three (3) months in jail solely on the charges arising from the false and misleading affidavit prior to the order of dismissal.

## CAUSES OF ACTION UNDER 42 USE SECTION 1983

**Unlawful Seizure/ False Arrest Under the Fourth Amendment:**

41. The preceding paragraphs are incorporated herein by reference as though fully set forth.

42. The conduct of Defendants Leibrecht, Spencer, and Davis, either individually or acting in concert, constituted an unlawful seizure and arrest of Plaintiff within the meaning of the Fourth Amendment of the United States Constitution.

43. The seizure was unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant a prudent officer in believing that Plaintiff was legally impaired and/or had committed a crime.

44. The seizure was unreasonable and without probable cause in that the Defendants administered the PBT unlawfully and without probable cause.

45. The arrest and seizure of Plaintiff was unlawful because it lacked probable cause.

46. As a proximate cause of the unlawful seizure and arrest affected upon Plaintiff, the Plaintiff suffered injuries and damages as stated hereinafter.

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

**False Imprisonment Violation Under the Fourth Amendment:**

47. The preceding paragraphs are incorporated herein by reference as though fully set forth.

48. Defendants Leibrecht, Spencer, and Davis either individually, or acting in concert, subjected Plaintiff to false imprisonment in violation of her Fourth Amendment rights.

49. Defendants deliberately, knowingly, and/or recklessly sought a warrant based on misleading information and deliberately arrested, and thereafter deliberately further detained Plaintiff in custody.

50. Said detention was unlawful because it lacked probable cause.

51. As a proximate cause of the unlawful imprisonment affected upon Plaintiff, the Plaintiff suffered injuries and damages as stated hereinafter.

**Malicious Prosecution Violation Under the Fourth Amendment:**

52. The preceding paragraphs are incorporated herein by reference as though fully set forth.

53. Plaintiff was falsely charged of vehicular homicide under Washington law by the acts and the knowingly or reckless preparation false/misleading affidavit filings of Defendants Leibrecht, Spencer, and Davis, either individually, or acting in concert.

COMPLAINT FOR DAMAGES - 12

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

54. On or about December 19, 2017, the Washington State Superior Court issued the following Findings of Fact and dismissed Plaintiff's criminal case with prejudice:

- On November 30, 2017, defense counsel moved to suppress the Preliminary Breath Test (PBT) and blood draw warrant based on *Franks v. Delaware*, 438 U.S. 154 (1978). Included in the exhibits were the Probable Cause Affidavit and dash camera videos the officers present at the scene.

- The PBT is inadmissible for purposes of obtaining a search warrant for blood because the required protocols under WAC 448-15-030 were not followed when administering the test to Ms. Paul.

- The facts provided in the probable cause affidavit are not supported by the conversations between the officers on the scene, as contained and readily observable in the dash camera videos.

- Absent the PBT result, the facts supporting probable cause do not rise to the level of impairment.

- Because impairment cannot be established by the probable cause affidavit, the warrant for blood is therefore invalid.

- Impairment is the only prong pursuant to which the State could proceed with the prosecution of this matter. Aside from impairment, there are no other available grounds to support further action.

55. The Defendants, acting in concert, violated Plaintiff's Fourth Amendment rights by wrongfully initiating the prosecution of Plaintiff for the above-referenced crime(s). The Defendants lacked probable cause to initiate said criminal action against Plaintiff.

56. Defendants' conduct resulted in the arrest and prosecution of Plaintiff without probable cause.

COMPLAINT FOR DAMAGES - 13

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

57. The criminal proceeding in the case ended in Plaintiff's favor.

58. As a proximate cause of Defendants' conduct, Plaintiff suffered injuries and damages as stated hereinafter.

**Excessive Force Under the Fourth Amendment:**

59. The preceding paragraphs are incorporated herein by reference as though fully set forth.

60. Defendants' actions and omissions, either individually or acting in concert, violated Plaintiff's constitutionally protected right to be free from excessive force and illegal searches and seizures under the Fourth to the United States Constitution.

61. As a proximate cause of Defendants' conduct, Plaintiff suffered injuries and damages as stated hereinafter.

**Supervisory Liability Against Defendant Sgt. Davis:**

62. The preceding paragraphs are incorporated herein by reference as though fully set forth.

63. On information and belief, Defendant Sgt. Davis exercised supervisory authority over Defendants Leibrecht and Spencer, his subordinates.

64. Defendant Davis directed Defendant Spencer to administer the PBT notwithstanding knowing probable cause did not support the PBT. On belief, Defendant Davis knew Defendant Spencer administered the PBT in violation of

COMPLAINT FOR DAMAGES - 14

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

the WAC.  Defendant Davis directed his subordinate(s) to act in violation of Plaintiff's constitutional rights.

65. Defendant Davis directed Defendant Spencer to apply for a blood warrant notwithstanding the non-impairment discussions with the troopers, Plaintiff's favorable FST's, and the unlawful PBT.  Defendant Davis directed his subordinate(s) to act in violation of Plaintiff's constitutional rights.

66. Defendant Davis knew that the affidavit(s) submitted by his subordinate(s) contained knowing or reckless false and/or misleading statements used to procure a warrant from the judge.  Defendant Davis knew of his subordinate(s) unlawful action; and/or consented, agreed, or acquiesced to the constitutional violation.

67. Defendant Davis knew his subordinate(s) was/were engaged in violation of Plaintiff's constitutional rights and was deliberately indifferent to his subordinate(s) actions.

68. As a proximate cause of Defendant Davis' conduct, Plaintiff sustained injuries and damages discussed hereinafter.

**Civil Conspiracy Against Defendants Davis, Leibrecht and Spencer:**

69. The preceding paragraphs are incorporated herein by reference as though fully set forth.

COMPLAINT FOR DAMAGES - 15

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

70. Defendants, in concert, participated in a conspiracy to violate Plaintiff's constitutional rights in that they deliberately caused the un-constitutional arrest, prosecution and detention of Plaintiff.

71. Defendants' conspiratorial acts included, without limitation, aiding and abetting each other in knowingly and/or recklessly administering the PBT unlawfully and knowingly and/or recklessly swearing out false and/or misleading probable cause affidavits when probable cause of impairment did not exist.

72. As a proximate cause of Defendant Davis' conduct, Plaintiff sustained injuries and damages discussed hereinafter.

## STATE LAW CAUSES OF ACTION

**Unlawful Imprisonment:**

73. The preceding paragraphs are incorporated herein by reference as though fully set forth.

74. The conduct of the Defendants, and each of them, resulted in the intentional confinement of Plaintiff's person, which was unjustified under the circumstances and unlawful.

75. Defendants' conduct toward Plaintiff constitutes unlawful imprisonment.

76. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

COMPLAINT FOR DAMAGES - 16

1

**False Arrest:**

2

3    77. The preceding paragraphs are incorporated herein by reference as though fully

4    set forth.

5    78. Defendants' conduct resulted in the unlawful arrest of Plaintiff.

6    79. Defendants' conduct constitutes false arrest.

7    80. As a direct and proximate result of Defendants' conduct, Plaintiff sustained

8    injuries and damages, discussed more fully hereinafter.

9

10   **Malicious Prosecution:**

11   81. The preceding paragraphs are incorporated herein by reference as though fully

12   set forth.

13   82. Defendants' conduct resulted in the arrest and prosecution of Plaintiff without

14   probable cause.

15

16   83. Defendants' conduct constitutes malicious prosecution under the laws of

17   Washington State.

18   84. As a direct and proximate result of Defendants' conduct, Plaintiff sustained

19   injuries and damages, discussed more fully hereinafter.

20

21   **Infliction of Emotional Distress:**

22   85. Plaintiff incorporates herein the allegations contained in the preceding

23   paragraphs of this complaint.

24

25

26

COMPLAINT FOR DAMAGES - 17

86. Defendants, and each of them, engaged in conduct which constitutes negligent infliction of emotional distress or, alternatively, intentional infliction of emotional distress (outrage).

87. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

**Assault & Battery:**

88. Plaintiff incorporates herein the allegations contained in the preceding paragraphs of this complaint.

89. Defendants, individually and/or in concert, threatened to and did use unlawful force against Plaintiff.

90. The acts Defendants were made with intent to cause harmful or offensive contact or an apprehension by Plaintiff of such contact.

91. Defendants conduct towards Plaintiff constitutes assault and battery.

92. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

**Negligence/ Tortious Conduct:**

93. Plaintiff incorporates herein the allegations contained in the preceding paragraphs of this complaint.

94. At all times material hereto, Plaintiff was owed several duties of care by Defendants, and each of them, including, but not by way of limitation, those duties include one or more of the following:

COMPLAINT FOR DAMAGES - 18

MAXEY LAW OFFICES, PLLC
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

a. The duty to be free from a negligent, unwarranted and/or unlawful violation of his right of personal liberty;

b. The duty to have probable cause to effectuate an arrest and detention of an individual;

c. The duty to be free from restraint, detention and force without legal authority;

d. The duty to be free from unwarranted/ unlawful imprisonment; and/or,

e. The duty of State officers, agents and employees to act and exercise the degree of care as others would act and exercise in the same or similar circumstances.

95. Defendants' conduct constitutes recklessness, gross negligence and/or negligence under the laws of the State of Washington.

96. As a direct and proximate result of Defendants' tortious conduct (under both State law and 42 USC Sec. 1983), Plaintiff sustained injuries and damages, discussed more fully hereinafter.

## INJURIES & DAMAGES

97. As a direct and proximate result of the facts as alleged herein, Plaintiff has suffered and will in the future continue to suffer the loss of enjoyment of life, pain, mental anguish, mental injury and suffering and other injuries.

98. As a further direct and proximate result of the facts as alleged herein, Plaintiff is entitled to damages in an amount to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 19

99. As a direct and proximate result of the facts as alleged herein, Plaintiff incurred other out-of-pocket expenses and other expenses associated with these injuries, the amount of which to be proven at the time of trial.

100.    As a further direct and proximate result of the occurrence alleged herein, Plaintiff has sustained an impaired earning ability as well as past and future lost wages in an amount to be proven at the time of trial.

101.    As a further direct and proximate result of the occurrence alleged herein, Defendants', and each of them, actions in depriving Plaintiff of her federal civil rights set forth above were done intentionally, maliciously, wantonly, oppressively, and/or with reckless indifference, subjecting the Defendants to liability for punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff, Melissa Paul, requests a judgment against Defendants, and each of them, jointly and severally, as follows:

A. General damages in an amount to be determine at trial.

B. Special damages in an amount to be determined at trial.

C. Punitive and exemplary damages in an amount deemed just and reasonable as provided by law.

D. Plaintiff's reasonable attorney's fees and costs, pursuant to 42 USC §1988, or as otherwise provided by law.

E. For such other and further relief as the court deems just and equitable.

COMPLAINT FOR DAMAGES - 20

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490

1    DATED this 28th day of February, 2019.

2                    PAUKERT & TROPPMANN, PLLC

3

4

5                    _____ FOR

6                    BREEAN L. BEGGS, WSBA #20795

7                    MAXEY LAW OFFICES, P.S.

8

9

10                   _____
                     WILLIAM C. MAXEY, WSBA #6232
                     MARK J. HARRIS, WSBA #31720

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES - 21

**MAXEY LAW OFFICES, PLLC**
1835 West Broadway Avenue
Spokane, WA 99201
509-326-0338
Fax: 509-325-4490