UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA PAUL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>　　　　　　Defendants. | NO. 2:19-CV-0129-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM; MOTION TO STRIKE AFFIRMATIVE DEFENSES |

BEFORE THE COURT is Plaintiff Melissa Paul's Motion to Dismiss Defendants' Counterclaim (ECF No. 3) and Motion to Strike Defendants' Affirmative Defenses (ECF No. 4). The Motions were submitted for consideration without a request for oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motions (ECF Nos. 3; 4) are **denied**.

# BACKGROUND[1]

The instant case arises out of a tragic accident. On January 1, 2017, at approximately 4:05 a.m., Plaintiff Melissa Paul struck and killed a bicyclist on the side of the road. ECF No. 1-3 at 4-5, ¶ 16-17. Washington State Patrol Trooper Leibrecht arrived on the scene at approximately 4:40 a.m. and contacted Plaintiff. ECF No. 1-3 at 5, ¶ 20. Apparently, Plaintiff fled the scene of the accident, but her car become inoperable thereafter and the police found her at that location. *See* ECF No. 6 at 7. After locating and speaking with Plaintiff, "Trooper Leibrecht thought that he might have smelled alcohol in the vehicle but [was] not sure where it was coming from"; Plaintiff's passenger advised the trooper that he had been drinking and that Plaintiff was his designated driver. ECF No. 1-3 at 5, ¶ 20.

Between approximately 4:54 a.m. and 5:01 a.m., Trooper Leibrecht performed the standardized field sobriety tests (FST) on Plaintiff; according to Plaintiff, Trooper Liebrecht reported "that [n]o obvious signs of impairment were observed[.]". ECF No. 1-3 at 5, ¶¶ 21-22. According to Plaintiff, "[a]t approximately 5:03 a.m., . . . [t]he troopers decided that based on the lack of

---

[1] The background is provided for context and does not constitute findings of fact.

impairment, that a Portable Breath Test (PBT) would not be administered." ECF No. 1-3 at 5-6, ¶ 23.

"At approximately 6 a.m., Sgt Davis arrived at Plaintiff's location and instructed Trooper Spencer to perform FST's [sic] on Plaintiff again." ECF No. 1-3 at 6, ¶ 25. According to Plaintiff, "[a]fter Plaintiff successfully and satisfactorily completed the FST's [sic] for the second time, Trooper Spencer approached [Plaintiff] with a Portable Breath Test (PBT) and instructed her to blow. The PBT was .067, which is below the legal limit of alcohol influence in Washington." ECF No. 1-3 at 7, ¶ 27.

Apparently, Plaintiff was not given any explanation that the PBT was voluntary or what the test was for, as required under Washington Administrative Code 448-15-030. ECF No. 1-3 at 7, ¶ 28. "Following the PBT, Sgt. Davis instructed Trooper Spencer to apply for a blood warrant to take Plaintiff's blood. Trooper Spencer submitted an affidavit for a blood warrant which was signed by Spokane County Superior Court Judge Annette Plese based on Trooper Spencer's sworn affidavit." ECF No. 1-3 at 7, ¶ 31. "Plaintiff was arrested and charged with vehicular homicide and booked into the Spokane County Jail[.]" ECF No. 1-3 at 10, ¶ 37.

On or about December 19, 2017, the State of Washington stipulated to certain findings of fact, including:

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM: MOTION TO STRIKE AFFIRMATIVE DEFENSES ~ 3

> (1) The PBT is inadmissible for purposes of obtaining a search warrant for blood because the required protocols under WAC 448-15-030 were not followed when administering the test to Ms. Paul.
> (2) The facts provided in the probable cause affidavit are not supported by the conversations between the officers on the scene, as contained and readily observable in the dash camera videos.
> (3) Absent the PBT result, the facts supporting probable cause do not rise to the level of impairment.
> (4) Because impairment cannot be established by the probable cause affidavit, the warrant for blood is therefore invalid.

ECF No. 1-3 at 10, ¶ 38. The criminal charges were then dismissed with prejudice. ECF No. 1-3 at 11, ¶ 39.

Plaintiff brought suit against Defendants in Spokane County Superior Court on February 28, 2019 asserting claims for (1) unlawful seizure / false arrest under the Fourth Amendment and state law; (2) false imprisonment under the Fourth Amendment and state law; (3) Malicious prosecution under the Fourth Amendment and state law; (4) excessive force under the Fourth Amendment; (5) supervisor liability against Sgt. Davis; (6) civil conspiracy against Sgt. Davis and Troopers Leibrecht and Spencer; (7) infliction of emotional distress; (8) assault and battery; (9) and negligence. ECF No. 1-3 at 11-19, ¶¶ 41-96. Defendants subsequently removed the case to this Court. ECF No. 1.

In response to Plaintiff's suit, Defendants filed a "counter-claim based on RCW 4.24.350" alleging that "Plaintiff's current civil action was instituted by Plaintiff with knowledge that the same was false, unfounded, malicious and

without probable cause in the filing of such action." ECF No. 2 at 18. Defendants also asserted several affirmative defenses. ECF No. 2 at 17-18.

Plaintiff now requests the Court dismiss Defendants' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting the counterclaim is not a cognizable legal theory and that Defendants have otherwise failed to allege facts sufficient to support the counterclaim. ECF No. 3 at 2. Plaintiff also requests the Court strike certain affirmative defenses and "Defendants' improper request for relief". ECF No. 4 at 2. These Motions are now before the Court.

## DISCUSSION

A. **Motion to Dismiss Counterclaim**

Plaintiff asserts that Defendant's counterclaim lacks a cognizable legal theory and fails to allege facts sufficient to support the counterclaim. ECF No. 3 at 2. However, as Defendants correctly note, malicious prosecution *is* a cognizable legal theory in Washington. *See* RCW 4.24.350 ("In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded."). Plaintiff otherwise asserts that

"Defendants lack a cognizable legal theory . . . because Plaintiff has conclusive probable cause to bring her lawsuit alleging no probable cause for arrest in the criminal proceeding." ECF No. 3 at 6. However, this simply goes to the merits of the counterclaim, rather than demonstrating the theory is not legally cognizable.

Further, in context, the Defendants allegations are sufficient to put Plaintiff on notice of the substance of the counterclaim. The crux of Plaintiff's Complaint is that Defendants lacked probable cause to arrest Plaintiff because (1) she did well on the FSTs and (2) the PBT (which indicated she had consumed alcohol) was improperly administered. Defendants, in turn, allege that Plaintiff instituted the action "with knowledge that the same was false, unfounded, malicious and without probable cause in the filing of such action." ECF No. 2 at 18. In Defendants' Answer, Defendants specifically note that the PBT Test "result was .067, despite Plaintiff's prior statement that she had not been drinking" and that "[a]t this time, approximately 2 hours had elapsed since the collision." ECF No. 2 at 7, ¶ 27. With this, along with the dispute regarding Plaintiff's actual performance on the FSTs, ECF No. 2 at 6, ¶ 26, Plaintiff is on notice of Defendants intent and the allegations in context give rise to a reasonable inference that Plaintiff's claims are unfounded and that Plaintiff is aware of such. Plaintiff's argument that there was no probable cause for her arrest gets to the merits of the action, and resolution of merits questions are not proper at this stage of litigation.

B. **Motion to Strike Affirmative Defense**

Plaintiff "moves the Court to strike Defendants' affirmative defense number 2 (INTOXICATION), affirmative defense number 3 (COMPARATIVE FAULT), and affirmative defense number 8 (COMMISSION OF A FELONY)" and "Defendants' improper request for relief under F.R.C.P. 11 in their 'prayer for relief'." ECF No. 4 at 2 (citing ECF No. 2 at 18). Notably, Plaintiff fails to argue the latter point regarding the "improper request for relief"; thus, the Court will not address that issue.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). While fair notice is required for pleading affirmative defenses, this "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Pleading Affirmative Defenses, 5 Fed. Prac. & Proc. Civ. § 1274 (3d ed.)).

Plaintiff asserts that affirmative defense 2, 3, and 8 must be stricken because they do not apply to all of the claims. ECF No. 4 at 4, 6, 8. This is not correct. The affirmative defenses need only apply to some of the claims. *See* Fed. R. Civ.

P. 8 (In responding to a pleading, a party must affirmatively state *any* avoidance or affirmative defense . . . ." (emphasis own)). Moreover, Plaintiff is on sufficient notice as to what claims they do and do not apply to. *See* ECF No. 7 at 2.

As to affirmative defense 8, Plaintiff asserts that "there is no factual contention in Defendants' Answer that Plaintiff was engaged in felonious actions *when* she was wrongfully arrested." ECF No. 4 at 8 (emphasis own). Plaintiff assumes the language in the statute at issue – "that the person injured . . . was engaged in the commission of a felony at the time of the occurrence causing the injury . . . ." – requires the felony be committed *contemporaneously* with the complained of arrest. However, it is not clear whether this is the case or whether the language "time of the occurrence" could be read more broadly to include felonious acts occurring before, but leading to, the occurrence. The Court declines to address the merits of this argument at this time, especially given the dearth of briefing on the issue. *See McElmurry v. Ingebritson*, 2017 WL 9486190, at *1 (E.D. Wash. Aug. 14, 2017) ("motions to strike are generally denied unless the moving party shows there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." (internal citations and quotations omitted)).

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff Melissa Paul's Motion to Dismiss Defendants' Counterclaim (ECF No. 3) is **DENIED**.

2. Plaintiff Melissa Paul's Motion to Strike Defendants' Affirmative Defenses (ECF No. 4) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 15, 2019.



THOMAS O. RICE
Chief United States District Judge