UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA PAUL,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE PATROL, TROOPER JOSPEH LEIBRECHT, individually, TROOPER ROBERT SPENCER, individually, SGT. SCOTT DAVIS, individually,<br><br>    Defendants. | NO. 2:19-CV-0129-TOR<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE |

BEFORE THE COURT are Defendants' Motion for Summary Judgment (ECF No. 21), Plaintiff's Motion for Partial Summary Judgment (ECF No. 30), Defendants' Motion to Strike Exhibits E, F, and N to the Declaration in Support of Plaintiff's Motion for Partial Summary Judgment (ECF No. 40), and Defendants' Motion to Strike Deposition Testimony of Trina Olson (ECF No. 41). These matters were submitted for consideration with oral argument on October 29, 2020.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 1

1  Breean Lawrence Beggs and Mark James Harris appeared on behalf of Plaintiff.

2  Carl Perry Warring and Katie L. Merrill appeared on behalf of Defendants.

3  Following oral argument, Plaintiff filed a Supplemental Brief (ECF No. 63) with

4  permission of the Court.

5       The Court has reviewed the record and files herein, the completed briefing,

6  counsel's oral argument and is fully informed. For the reasons discussed below,

7  Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED**,

8  Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) is **DENIED**,

9  Defendants' Motion to Strike Exhibits E, F, and N to the Declaration in Support of

10 Plaintiff's Motion for Partial Summary Judgment (ECF No. 40) is **DENIED as**

11 **moot**, and Defendants' Motion to Strike Deposition Testimony of Trina Olson

12 (ECF No. 41) is **DENIED as moot**.

13                           **BACKGROUND**

14      This case arose out of a tragic incident. ECF No. 1-3. Defendants seek

15 summary judgment on Plaintiff's state and federal claims. ECF No 21. Plaintiff

16 seeks partial summary judgment on Defendants' affirmative defense of qualified

17 immunity and liability under the Fourth Amendment. ECF No. 30. Defendants

18 also move to strike exhibits in support of Plaintiff's motion for partial summary

19 judgment. ECF Nos. 40-41. Except where noted, the following facts are not in

20 dispute.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 2

On December 31, 2016,[1] Plaintiff Melissa Paul visited the Bigfoot Tavern in Spokane, Washington with Mr. Stephan Goodwin. ECF No. 22 at 2, ¶ 1. Plaintiff had one or two drinks and used cocaine. ECF No. 22 at 2-3, ¶¶ 2-3, 5-6; ECF No. 44 at 2, ¶ 2. Around midnight, Mr. Goodwin left the bar. ECF No. 22 at 3, ¶ 6-7. Plaintiff later reconnected with Mr. Goodwin and drove him around to locations where Mr. Goodwin sold cocaine; Plaintiff disputes the implication she knew that Mr. Goodwin was selling drugs. ECF No. 22 at 3, ¶ 8; ECF No. 44 at 2, ¶ 8.

On January 1, 2017, Plaintiff and Mr. Goodwin headed to the Northern Quest Casino in Airway Heights, Washington. ECF No. 22 at 3, ¶ 9. At approximately 4:04 a.m., Plaintiff was driving her Toyota 4-Runner on U.S. Highway 2 when she struck and killed Ty Olds, who was riding a bicycle on the shoulder of the road. ECF No. 22 at 3, ¶ 10; ECF No. 31 at 2, ¶ 1. The impact left a gaping hole in Plaintiff's windshield. ECF Nos. 22 at 3, ¶ 11; 24-1 at 60 (Ex. 9 photo). Not knowing what she hit, Plaintiff continued to drive until her vehicle became disabled. ECF No. 22 at 3, ¶ 12; ECF No. 44 at 2-3, ¶ 12. Mr. Goodwin walked back to the scene, but Plaintiff does not remember whether she walked back to see Mr. Olds' body. ECF No. 22 at 4, ¶ 13; ECF No. 44 at 3, ¶ 13.

---

[1] The parties' statement of facts reflect a typographical error by claiming the incidents occurred over the night of December 31, 2017 and January 1, 2017.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 3

1  Plaintiff and Mr. Goodwin stayed with Plaintiff's vehicle, discussing whether to
2  leave. ECF No. 22 at 4, ¶ 14; ECF No. 44 at 3, ¶ 14. Plaintiff called a tow truck to
3  move her disabled vehicle but did not call law enforcement (or an ambulance) to
4  report the collision. ECF No. 22 at 4, ¶¶ 14-15. Washington State Patrol ("WSP")
5  arrived at the scene before the tow truck. ECF No. 22 at 4, ¶ 16. Defendants
6  recorded the following events on vehicle dash camera and body camera footage.

7        At approximately 4:40 a.m., Defendant Trooper Joe Leibrecht approached
8  Plaintiff and Mr. Goodwin. ECF No. 22 at 4, ¶ 17. Plaintiff informed Trooper
9  Leibrecht that she was driving, did not know what she hit, and stopped because her
10 vehicle broke down. ECF No. 22 at 4, ¶¶ 18-19. After Trooper Leibrecht
11 instructed Plaintiff to stop smoking, he detected a slight odor of alcohol and was
12 unsure whether it came from Plaintiff. ECF No. 22 at 4, ¶ 20; ECF No. 44 at 3,
13 ¶ 20. Plaintiff denied drinking or having possession of alcohol within the vehicle,
14 but Mr. Goodwin admitted to drinking and that Plaintiff was his designated driver.
15 ECF No. 22 at 5, ¶ 21; ECF No. 44 at 3, ¶ 21. Trooper Leibrecht asked Plaintiff to
16 sit in the back of his patrol car without Mr. Goodwin. ECF No. 22 at 5, ¶ 23.
17 Once inside the vehicle, Plaintiff again denied drinking. ECF No. 22 at 5, ¶¶ 24,
18 26. Trooper Leibrecht still detected the smell of alcohol so he asked Plaintiff to
19 perform voluntary field sobriety tests, to which Plaintiff consented. ECF No. 22 at
20

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 4

5, ¶ 25-27. Trooper Leibrecht administered the horizonal gaze nystagmus test, one-leg stand test, and Romberg Balance Test. ECF No. 31 at 3, ¶ 3.

From these tests, Trooper Leibrecht determined Plaintiff was not presently impaired and reported his findings to WSP's dispatch officer. ECF No. 22 at 5-6, ¶¶ 28-29. Trooper Leibrecht reported his findings to Trooper Rob Nance, who offered to go talk to Plaintiff at approximately 5:05 a.m. ECF No. 31 at 4, ¶ 4; ECF No. 39 at 3, ¶ 3. While there was some uncertainty as to where the alcohol odor originated, it is undisputed that some of the officers did in fact smell an odor of alcohol on or near Plaintiff. ECF No. 31 at 4, ¶¶ 4-5. Defendants contend that it remained unknown whether Plaintiff was impaired at the time of collision, but Plaintiff disputes this because Trooper Leibrecht initially determined there were no signs of impairment and that he would not arrest Plaintiff. ECF No. 22 at 6, ¶ 30; ECF No. 44 at 4, ¶ 30.

At approximately 6:02 a.m., Defendant Trooper Robert Spencer arrived at the scene. ECF No. 22 at 6, ¶ 31. Defendant Sgt. Scott Davis, the scene supervisor, talked with Plaintiff about conducting additional field sobriety tests. ECF No. 22 at 6, ¶ 32. Sgt. Davis believed the smell of alcohol on Plaintiff was obvious, so he asked Trooper Spencer to administer field sobriety tests again. ECF No. 22 at 6, ¶¶ 33-34. Trooper Spencer also detected a smell of alcohol on Plaintiff but found very few clues of impairment. ECF No. 22 at 6, ¶ 36; ECF No.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 5

31 at 6, ¶ 7. Without informing Plaintiff that a portable breath test ("PBT") was voluntary and not an alternative to a mandatory evidentiary breath alcohol test, Trooper Spencer administered the PBT which disclosed an alcohol concentration of .067. ECF No. 22 at 7, ¶¶ 37-39; ECF No. 31 at 6, ¶ 8.

Following this second set of tests, Sgt. Davis directed Trooper Spencer to seek a warrant to obtain a blood sample from Plaintiff. ECF No. 22 at 7, ¶ 40. Trooper Spencer expressed reservations about being able to obtain a warrant, including the statement "I don't know how I'm going to get a warrant because I didn't see any impairment …. She nailed the walk and turn. My opinion, there's no support." ECF No. 22 at 7, ¶ 41; ECF No. 31 at 8, ¶ 10. Trooper Leibrecht, Trooper Spencer, and Sgt. Davis then discussed the factual basis for seeking a warrant, which included that the collision occurred on the shoulder of the roadway, Plaintiff continued to drive until her vehicle became disabled, the odor of alcohol had been detected, Plaintiff had a PBT of .067, Plaintiff's lack of impairment in tests occurred two hours after the incident, and a scale and baggies were found connected to Plaintiff's vehicle. ECF No. 22 at 7-8, ¶¶ 42-43. Plaintiff disputes these observations for probable cause because Plaintiff alleges the scale and baggies belonged to Mr. Goodwin and the troopers knew that other cars traveled on the highway shoulder because the snow obscured the roadway's painted lines. ECF No. 44 at 6, ¶ 42; ECF No. 31 at 10, ¶ 12-13. However, while traffic traveled

1   outside the lane that night, it is undisputed that Plaintiff was driving four feet
2   outside that lane of travel, driving approximately six feet outside the roadway's
3   painted line when she hit Ty Olds.  ECF No. 32-15 at 3.
4         Following this discussion, Trooper Spencer agreed that there was probable
5   cause to believe that evidence of a crime existed in Plaintiff's blood and completed
6   an affidavit in support of a search warrant.  ECF No. 22 at 8, ¶¶ 44-46.  Trooper
7   Spencer did not include that the Plaintiff was not exhibiting signs of impairment,
8   Plaintiff's "passing" performance on the voluntary field sobriety tests, nor a
9   statement that the general course of traffic drove over the fog line due to the snowy
10  conditions.  ECF No. 31 at 9, ¶ 11; ECF No. 31 at 11-12, ¶ 15.
11        At approximately 7:03 a.m., Plaintiff was read her Constitutional rights and
12  formally placed under arrest by Sgt. Davis for vehicular homicide.  ECF No. 31 at
13  12, ¶ 17.  At approximately 7:05 a.m., Washington State Spokane County Superior
14  Court Judge Annette Plese issued the search warrant.  ECF No. 22 at 8, ¶ 47.
15  Plaintiff's blood was drawn at approximately 7:25 a.m., showing a .051 blood
16  alcohol concentration.  ECF No. 22 at 8, ¶ 48; ECF No. 31 at 13, ¶ 18.
17        Following the arrest, Plaintiff and Mr. Goodwin were transferred to the
18  Spokane County Jail.  ECF No. 31 at 14, ¶ 21.  On January 3, 2017, Plaintiff made
19  her preliminary appearance and probable cause was determined based on the
20  probable cause affidavit submitted by Trooper Spencer.  ECF No. 31 at 14, ¶ 21.

On or about November 30, 2017, Plaintiff's counsel moved to suppress the PBT and blood draw warrant. ECF No. 31 at 15, ¶ 23. On December 19, 2017, the Prosecuting Attorney's office submitted an order of dismissal with findings of fact, reciting omissions in the affidavit and no probable cause for the search warrant based on the dash cam and body video footage. ECF Nos. 44 at 7, ¶¶ 45-46; 31 at 15, ¶¶ 24-25. Superior Court Judges Triplet and Plese signed the prepared order, dismissing the criminal case against Plaintiff with prejudice. ECF Nos. 31 at 16, ¶ 25; 32-5; 32-6. The present lawsuit and motions followed.

## DISCUSSION

### A. Motions for Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B.  Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on Plaintiff's federal and state law claims, arguing (1) probable cause supported the application for a search warrant and arrest, (2) Plaintiff lacks sufficient competent evidence to establish her claims, and (3) Plaintiff committed felonies which provides a complete defense to her state law claims. ECF No. 21 at 11, 15. The first issue is dispositive, thus the Court does not address the remaining defenses.

//

//

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 9

*1. Probable Cause*

Defendants seek to dismiss Plaintiff's claims arguing that probable cause existed to issue the search warrant because "as a matter of law, a fair probability existed that [Plaintiff's] blood would contain evidence." ECF No. 21 at 14. In response, Plaintiff argues that (1) Defendants' violated Plaintiff's Fourth Amendment Rights which bars evidence obtained during the extended detention and subsequent arrest, (2) Defendants' lacked probable cause to arrest Plaintiff, (3) a reasonable jury could find that Defendants' intentional warrant application misrepresentations bar consideration of evidence obtained from her blood draw, and (4) reasonable minds could disagree whether there was a sufficient basis to maintain criminal charges against Plaintiff based on the dismissal of the underlying state court proceedings. ECF No. 43 at 6-14.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It also prohibits "a search conducted pursuant to an ill-begotten or otherwise invalid warrant." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). Where a search warrant is mandated, the reasonableness of search and seizure is measured in terms of whether probable cause exists. *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 534 (1967). Probable cause requires a "'fair probability that contraband or evidence of a crime will be

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 10

found in a particular place,' based on the totality of circumstances." *Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Fair probability does not mean "certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (citing *Illinois*, 462 U.S. at 246). Thus, the Court looks to the judge's determination of answering the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois*, 462 U.S. at 230.

The search warrant was based on the crime of vehicular homicide, which provides:

> When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person, the driver is guilty of vehicular homicide if the driver was operating a motor vehicle: (a) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502; or (b) In a reckless manner; or (c) With disregard for the safety of others.

RCW 46.61.520(1).

As an initial matter, Plaintiff acknowledges that the PBT can be considered in the officers' determination of probable cause under the Ninth Circuit's decision in *Lingo v. City of Salem*, 832 F.3d 953, 959 (9th Cir. 2016), holding that the exclusionary rule does not apply in § 1983 actions. ECF No. 63 at 2. The fruit of the poisonous tree doctrine extends the exclusionary rule to suppress evidence that

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 11

is derived from an illegal search or seizure in a criminal action. *Lingo*, 832 F.3d at 957. However, as a judicially created remedy, "[t]he exclusionary rule is not 'a personal constitutional right of the party aggrieved.'" *Id.* at 958 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)). As such, the Court is not limited to a review of what would be admissible in court but instead considers all facts known to the officer, even those procured through an unlawful search. *Id.* at 960. Therefore, the Court can consider Plaintiff's PBT results in the officers' probable cause determination for the search and arrest.

A breath test is considered a search under the Fourth Amendment. *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016). A search is reasonable – and therefore not unconstitutional – where the person expressly or impliedly consents to the search. *Id.* at 2185. Whether a person consents is based on the totality of the circumstances. *Id.* at 2186. Here, the Court finds that based on testimony and the review of the video footage, Plaintiff impliedly consented to the PBT search where she was cooperating with Defendants, did not otherwise object, and freely performed the breath test. ECF No. 26 at 3, ¶¶ 9-10.

Even if Plaintiff's consent is disputed, a warrantless breath test may nonetheless be conducted incident to a lawful arrest. *Id.* at 2184. Plaintiff contends the extended *Terry* stop turned into a de facto arrest. ECF No. 43 at 2. The timing of the arrest here, either looking at a de facto arrest early on or the

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 12

official arrest later, is not dispositive. *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."). As described below, Defendants had probable cause to search and arrest based on the circumstances known to the officers. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."). Thus, the PBT does not present a constitutional issue even if it was performed without the full statutory warnings. *See State v. Baird*, 187 Wash. 2d 210, 223 (2016) ("we do not address the warning requirement on a constitutional basis, but as a right granted through the statutory process").

The undisputed facts known to the officers are that Plaintiff was driving at a high rate of speed on New Year's Day at approximately 4:00 a.m. in a snow storm, Plaintiff struck and killed Ty Olds outside the obscured lane of travel and beyond other tire tracks in the snow, Plaintiff continued to drive until her vehicle broke down, Plaintiff did not call law enforcement but instead called a tow truck to remove her vehicle, the odor of alcohol was detected on or near Plaintiff, Plaintiff was exhibiting few clues of impairment after the collision, and a drug scale and

baggies were found connected to Plaintiff's vehicle. ECF No. 52 at 3; ECF No. 38 at 7. Despite Plaintiff's explanations and objections,[2] Defendants had probable cause as a matter of law to believe that Plaintiff was under the influence of intoxicants, driving in a reckless manner, and/or driving with a disregard for the safety of others at the time she struck and killed Ty Olds, going fast enough under the conditions for the impact to create a gaping hole in her windshield. Plaintiff's explanation that she was following other tire tracks in the snow does not mean she was not driving too fast for the conditions. Plaintiff's briefing focuses on discounting that Plaintiff was under the influence of intoxicating liquor. *See, e.g.*, ECF No. 63. However, at a minimum, the undisputed facts more than demonstrate

---

[2] To the extent Plaintiff's judicial deception claim is incorporated into this motion, Plaintiff "must 1) make a substantial showing of [the officers'] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the [searches and arrest] would not have occurred." *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011) (internal citation and quotation marks omitted). Based on the undisputed facts, Plaintiff fails to establish the materiality of any omission where the affidavit, even if corrected and supplemented, still demonstrates probable cause as a matter of law.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 14

she acted recklessly or with a disregard for the safety of others — the other two alternative prongs of committing vehicular homicide. Thus, even viewing the evidence in light most favorable to Plaintiff, the Court finds that under the totality of the circumstances, a fair probability existed that Plaintiff committed a crime and that probable cause existed as a matter of law.

### 2. *Collateral Estoppel*

Plaintiff argues that collateral estoppel applies in an effort to further preclude a finding of probable cause. ECF No. 43 at 14-16. Defendants argue that collateral estopped does not apply where Defendants are not in privity with the Spokane County Prosecutor's Office. ECF No. 52 at 5.

State law governs the application of collateral estoppel to a state court judgment in a subsequent federal civil rights action. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (internal citations omitted). "Generally, collateral estoppel establishes that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *State v. Mullin-Coston*, 152 Wash. 2d 107, 113 (2004) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). The party seeking to establish collateral estoppel must show:

> (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 15

privity with a party to the prior litigation; and (4) application of doctrine must not work an injustice.

*State v. Bryant*, 146 Wash. 2d 90, 98-99 (2002) (internal citations omitted).  Using these factors, the Court should not apply a "hypertechnical" approach but rather one "with realism and rationality."  *State v. Harrison*, 148 Wash. 2d 550, 561 (2003) (quoting *Ashe*, 397 U.S. at 444).

Under the third element, "[a] person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit."  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Washington law forbids the offensive use of collateral estoppel under an agency theory.  *Ward v. Torjussen*, 52 Wash. App. 280, 283 (1988).  Privity may, however, be established where a party makes "decisions about which witnesses and evidence to actually present, or any of the other key legal and strategic decisions."  *Everett v. Perez*, 78 F. Supp. 2d 1134, 1138-39 (E.D. Wash. 1999) (reviewing the offensive use of collateral estoppel by a criminal defendant in a § 1983 case under Washington law); *see also Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir. 1971) (finding no privity where defendant "city police officers [were] not directly employed by the state" and "had no measure of control whatsoever over the criminal proceeding and no direct individual personal interest in its outcome.").

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 16

Here, the only issue is over whether Defendants were a party or in privity with the prior criminal state court proceedings. Defendants had no interest in or control over the decision of the Spokane County Prosecutor's Office. While Washington State is a named party in both cases, Spokane County Prosecutor's Office and its agents are not employed or controlled, nor do they share the same interest with Defendant Washington State in this current proceeding. Therefore, the Court finds that the application of collateral estoppel would work an injustice on Defendants as they would be denied the opportunity for a full and fair hearing in this case.

Plaintiff's state and federal causes of action are based on the premise that Defendants lacked probable cause. *See* ECF No. 1-3 at 11-19, ¶¶ 41-96. As a result of finding probable cause, Plaintiff's federal and state causes of action must be dismissed. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (stating party does "not contest that the presence of probable cause defeats all of their claims"); *Barry v. Fowler*, 902 F.2d 770, 772-73 (9th Cir. 1990) (upholding directed verdict barring Fourth Amendment claims finding probable cause); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (finding malicious prosecution claims requires a lack of probable cause); *McBride v. Walla Walla County*, 95 Wash. App. 33 (1999) (upholding dismissal of state law claims as barred by probable cause).

//

**C. Plaintiff's Motion for Partial Summary Judgment**

Plaintiff moves for partial summary judgment, arguing that (1) Defendants lacked probable cause to arrest her, (2) the affidavit used to obtain a search warrant violated Plaintiff's rights, (3) Defendants are guilty of judicial deception, and (4) evidence for arrest was only found subsequent to the illegal warrantless arrest. ECF No. 30 at 3.[3]

As the Court found in Defendants' motion for summary judgment, probable cause existed to believe Plaintiff committed vehicular homicide. As such, probable cause bars Plaintiff's Fourth Amendment claims. Therefore, summary judgment on Defendants' liability as to the PBT, search warrant, search, and arrest must be denied.

**D. Motions to Strike**

In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr*, 285 F.3d at 773. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

---

[3] Plaintiff's caption seeks summary judgment on Defendants' assertion of qualified immunity but fails to substantively address this affirmative defense. ECF No. 30 at 1. As such, the Court declines to address this issue.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 18

In the first motion to strike, Defendants moves to strike the following exhibits: the copies of the Dismissal and Findings of Fact from the criminal proceedings brought against Plaintiff and an annotated memorandum from the prosecuting attorney in the criminal proceeding. ECF No. 40 at 2. As an initial matter, the Court takes judicial notice of the state court judgment. *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, where a document is subject "to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Additionally, a court judgment is hearsay "to the extent that it is offered to prove the truth of the matters asserted in the judgment." *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004). Finally, as noted previously, the Court is not bound by collateral estoppel to the Superior Court's findings. *See supra* at 16.

In the second motion to strike, Defendants move to strike the deposition testimony of Ms. Trina Olson on the grounds that she lacks relevant qualifications, knowledge, skill and experience to be qualified as an expert. ECF No. 41 at 7. An expert witness may express an opinion with respect to an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a). However, an expert may not "give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th

Cir. 2004) (citation and quotation omitted). Therefore, to the extent Ms. Olson's testimony opines on probable cause her testimony oversteps the bounds of permissible testimony.

In any event, the Court did not rely on the aforementioned evidence in determining the merits of either party's motion for summary judgment. Therefore, the Court denies the motions to strike as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

2. Plaintiff's Motion for Partial Summary Judgment, ECF No. 30, is **DENIED**.

3. Defendants' Motion to Strike Exhibits E, F, and N to the Declaration in Support of Plaintiff's Motion for Partial Summary Judgment, ECF No. 40, is **DENIED as moot**.

4. Defendants' Motion to Strike Deposition Testimony of Trina Olson, ECF No. 41, is **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment for Defendants accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** November 6, 2020.



THOMAS O. RICE
United States District Judge

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE ~ 20